# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8200 | **DATE** | 3/9/2004 |
| **CASE TITLE** | Ruttenberg vs. United States Life Insurance Company in the City of New York | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Plaintiff's motion for reconsideration [64-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 10 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 66 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 2004 MAR -9 PM 5:11 | 3/9/2004 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW RUTTENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 01 C 8200 |
| ) | Judge Joan H. Lefkow |
| UNITED STATES LIFE INSURANCE ) | |
| COMPANY IN THE CITY OF NEW YORK, ) | |
| d/b/a UNITED STATES LIFE, a subsidiary of ) | |
| American General Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DOCKETED MAR 1 0 2004**

## MEMORANDUM OPINION AND ORDER

On February 18, 2004, this court granted summary judgment in favor of defendant, United States Life Insurance Company in the City of New York d/b/a United States Life ("United States Life"), in this action filed by plaintiff Andrew Ruttenberg ("Ruttenberg"), seeking to recover benefits and a determination of future benefits under a group disability insurance policy issued to "eligible employees" of SMW Trading Company ("SMW"). Before the court is Ruttenberg's motion under Fed. R. Civ. P. 59(e) for reconsideration of that opinion and judgment entered. For the reasons stated below, the motion is denied.

A motion for reconsideration serves the limited function to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). The motion also serves a valuable function where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."

*Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted).

Ruttenberg argues for reconsideration on a number of grounds. First, he states that the court was in error for concluding that the 30 hour per week minimum contained in the insurance policy applied to traders such as Ruttenberg. He relies on other parts of this court's summary judgment opinion, particularly the conclusion that being an "employee" was not a prerequisite to coverage under the policy at issue and that non-employee traders who were affiliated with SMW were also covered under the policy. The court's basis for that conclusion was that the policy is either contradictory or ambiguous with respect to its handling of employee and non-employee traders. On the one hand, the policy expressly states that it only applies to "employees" of SMW, but it also states that "traders who report earnings on their 1099 form" were also covered. The court reasoned that a trader who reports earnings on their 1099 form, such as Ruttenberg, could not be an "employee" of United States Life. Accordingly, the court construed the contract against its drafter, *i.e.*, United States Life, and concluded that "being an employee is not a necessary condition to coverage and traders who reported income on IRS 1099 Forms and who were affiliated with SMW (such as Ruttenberg) would be eligible for coverage, even if they are not considered 'employees' of SMW." (Slip. op. at 21.)

Ruttenberg believes a similar analysis should be applied to the 30 hour per week minimum contained in the policy. Ruttenberg maintains that as a non-employee independent trader he would not have been on a work schedule set by SMW and the same ambiguity the court found in the policy requirement that insured persons be employees of SMW would apply to the full-time work restriction directed at non-employee traders affiliated with SMW. The court

2

disagrees insofar as there is no contradiction or ambiguity with respect to the 30 hour per week minimum. The policy is clear that it applies to those who worked "full-time" which was defined as 30 hours per week. Contrary to the court's conclusion that a contradiction exists by referring to an independent trader as an employee, there is no reason presented why an independent trader cannot work 30 hours per week. As the court acknowledged in its opinion, while the trading pits are open only 35 hours per week, thereby making the 30 hour per week minimum difficult to obtain, Ruttenberg himself conceded that traders spend time off the floor preparing for the day's trades and accounting for their activities. And more fundamentally, there is little basis for the court to say that independent traders are to be treated differently from actual employees of SMW. The contract specifies that coverage would be afforded to those who worked "full-time" or 30 hours per week. Ruttenberg should not be treated differently from employees of SMW in this regard. As such, this argument will be rejected.

The court pauses to note, however, that lurking below the surface on this issue is the relationship between SMW and United States Life. Counsel for United States Life represented to the court at the hearing on this motion that SMW would certify to United States Life the names of people who were eligible to participate under the plan. This certification was certainly problematic for Ruttenberg, who paid premiums on a plan for which, as it turns out, he was not eligible. Nevertheless, the certificate of insurance clearly states the 30 hour per week minimum at issue, and this court is in no position to sort out the relationship between SMW and United States Life here to determine what might have gone wrong to allow an independent trader that was not working the requisite number of hours to pay premiums on a plan that he was not

eligible for. The end result most certainly has an inequitable feel, but the court is unable to see what remedy it may provide when the language of the policy was perfectly clear.

Ruttenberg next argues that there is no evidence in the record that the proposed insureds were made aware that they were subject to a full-time work requirement when they purchased their insurance. According to Ruttenberg, theories of either waiver or estoppel should be invoked. This argument was not raised by Ruttenberg in the summary judgment briefing, and a motion to reconsider is not the vehicle to raise it now.[1] *See, e.g., Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) ("[Rule 59(e)] does not provide a vehicle for a party . . . to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."); *Stephens v. City of Chicago*, No. 98 C 809, 2003 WL 21998035, at *2 (N.D. Ill. Aug. 21, 2003) ("Motions to reconsider may not . . . make new arguments that could have been brought to the court's attention prior to judgment."). While Ruttenberg did make an unrelated argument concerning waiver, specifically that new issues were being raised by an employee benefit plan that had not been not previously raised, (*see* slip op. at 20 n.6), that

---

[1] There is no merit to the contention made by Ruttenberg's counsel at hearing on this motion that the court went outside of the briefs in deciding this case on this ground. United States Life's cross-motion for summary judgment states that it "incorporates and adopts" its response brief in opposition to Ruttenberg's motion for summary judgment "as its Memorandum of Law in support of this Cross-Motion for Summary Judgment." United States Life's response brief contained the following section at page 4:

> 2. Plaintiff did not work "at least 30 hours per week."
> Even if plaintiff was an "employee," he is still not eligible because he fails to and can never satisfy the "full-time" work requirement of "at least 30 hours per week." (Def.'s St. ¶ 11.) In his Application for Long-Term Disability Benefits, Plaintiff represented that, at the time of his disability, his work schedule was "5 days per wk. 3-4 hours per" day. (*Id.* ¶ 65.) Plaintiff also has confirmed that in the seven months prior to his claim, he only worked at most 12-15 hours per week as a market maker/commodity trader at SMW. (*Id.* ¶¶ 28-29.)
> Because Plaintiff fails to and can never prove that he was an "employee" of SMW and that he worked at least 30 hours per week, Plaintiff does not satisfy the requirements for eligibility and, therefore, his Motion for Summary Judgment should be denied.

argument was much different from the one currently advanced and this is the first the court has seen of this particular theory. Accordingly, this argument is rejected.

For his next argument Ruttenberg suggests that there was no definite evidence that he did not work 30 hours per week and that this should be treated as a question of fact. The court agrees that the number of hours worked would have been a question of fact. However, as the court noted in its opinion, Ruttenberg failed to even create a question of fact on this issue. Indeed, all of the evidence in the record was to the contrary. (Slip op. at 22-23.)

Finally, Ruttenberg once again submits that this court's decision that ERISA is the law governing his claim was a manifest error. To the extent that this decision even still matters, the court considered all of the authority submitted by Ruttenberg and was not persuaded to reconsider its prior opinion.

Wherefore, for all the above stated reasons, Ruttenberg's motion for reconsideration is denied [#64].

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 9, 2004